Simons, J.
(dissenting). I dissent and would vote to affirm for the reasons stated by the Appellate Division. I would add, however, that a youthful offender adjudication can only be completed by imposition and entry of the youthful offender sentence (CPL 720.10 [6]), events which never occurred in this case. Thus, there never was a completed youthful offender adjudication. As such, the trial court’s statements concerning defendant’s status, made after imposition of sentence of 2 to 6 years, should be viewed as mere surplusage having no force and in no way affecting the validity of the original sentence and conviction. In order to clarify the validity of the sentence, *68 the court had the power to rescind its statement that defendant would be treated as a youthful offender.
Chief Judge Wachtler and Judges Kaye, Titone, Hancock, Jr., and Bellacosa concur with Judge Alexander; Judge Simons dissents and votes to affirm in a separate opinion. Order reversed, etc.